OPINION
{¶ 1} Defendant-appellant, Kevin J. Grim ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which, four months after appellant's release from prison, the court amended its sentencing entry to include a previously omitted mandatory five-year period of post-release control.
 {¶ 2} The pertinent facts are not in dispute. On December 9, 2004, appellant pled guilty to one count of unlawful sexual conduct with a minor, a felony of the fourth degree. At the plea hearing, the court advised appellant that he would be subject to a mandatory period of post-release control ("PRC") upon completion of his prison term.[1]
 {¶ 3} On February 1, 2005, the trial court classified appellant as a sexually oriented offender and sentenced him to a term of nine months of imprisonment. The court advised appellant that he would be subject to a mandatory five-year period of PRC, but failed to include within the sentencing entry any mention of PRC. Appellant served his sentence and was released on November 1, 2005.
 {¶ 4} On March 3, 2006, plaintiff-appellee, State of Ohio, filed with the trial court a "Motion for Corrected Judgment Entry and/or for Resentencing" in which it sought resentencing of appellant to include the mandatory five-year period of PRC. On March 7, 2006, without a hearing, the trial court journalized an "Amended Entry" reimposing the nine-month prison sentence and imposing the mandatory five-year period of PRC.
 {¶ 5} Appellant timely appealed and advances two assignments of error for our review:
 First Assignment of Error: Applying Hernandez v. Kelly, 108 Ohio St.2d 396, 2006-Ohio-126, the court lacked authority to put on an amended entry following appellant's release from prison, the additional language in that entry being calculated to make appellant subject to post release control.
 Second Assignment of Error: The court's attempt to add postrelease control to appellant's sentence violates the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 6} In support of his first assignment of error, appellant argues that the trial court lacked jurisdiction to impose PRC upon him after his release from prison. For support of this proposition, he cites, inter alia, the cases of Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, 844 N.E.2d 301, State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, 817 N.E.2d 864, and State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, 814 N.E.2d 837.
 {¶ 7} In Hernandez, the Supreme Court of Ohio granted a writ of habeas corpus and ordered the immediate release of an inmate who was incarcerated following the Parole Authority's imposition of a PRC sanction of imprisonment because the inmate's trial court sentencing entry did not impose a term of PRC. The court held that "unless a trial court includes postrelease control in its sentence, the Adult Parole Authority is without authority to impose it." Hernandez at ¶ 19. InJordan, the Supreme Court of Ohio held that when a trial court sentences a felony offender to a term of imprisonment, it must notify the offender at the sentencing hearing about PRC, and it must incorporate that notice into its journal entry imposing sentence. Jordan, at paragraph one of the syllabus.
 {¶ 8} In Brooks, the court held, "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."Brooks, at paragraph two of the syllabus. Noting its "related" holding in Brooks, the court in Hernandez held that because the trial court's sentencing entry specified only Hernandez's seven-year sentence, which he had already completed, habeas corpus, not resentencing, was the appropriate remedy.
 {¶ 9} Though appellant is challenging the belated imposition of PRC through an amended sentencing entry, as opposed to incarceration, he argues that the ultimate issue in this case is identical to that inHernandez, to wit: whether PRC may be imposed upon an offender who has served his full prison term and been released.
 {¶ 10} The state contends that the trial court possessed the authority to amend appellant's sentencing entry because the original entry, being contrary to statute, was void and subject to correction at any time, regardless whether appellant had completed his prison term and been released. For support of this argument, the state cites Jordan, supra, in which the Supreme Court of Ohio held that when an appellate court discovers, in a case on direct appeal, that PRC has been imposed absent the proper notifications to the offender, or that a sentence lacks a required term or is otherwise contrary to law, the proper remedy is to remand for resentencing. The state also urges that Hernandez has little or no application here because Hernandez involved an attempt to place an offender on PRC retroactively, in order to legitimize his incarceration for a violation of PRC that had never previously been imposed, whereas this case involves an attempt to give the Parole Authorityprospective supervisory control over appellant.[2]
 {¶ 11} It is true that ordinarily, "[w]here a sentence is contrary to law or void because it does not contain a statutorily mandated term, the proper remedy is resentencing." State v. Ramey, 10th
Dist. No. 06AP-245, 2006-Ohio-6429, ¶ 6. We observe that the trial court in the instant case did not hold a new sentencing hearing; it simply "amended" its original sentencing entry outside of appellant's presence. But even if the court had "resentenced" appellant pursuant to R.C.2929.19, this would have constituted an impermissible exercise of judicial authority warranting reversal.
 {¶ 12} There has been much recent litigation in this court and others regarding the impact of Hernandez upon the recent spate of attempts to correct the sentences of now-released offenders for whom PRC was erroneously not imposed at the original sentencing hearing. Though it has been debated whether Hernandez applies to such attempts at all, or to what extent it may apply, the Supreme Court of Ohio has clarified the import of the Hernandez case on such situations in two recent cases.
 {¶ 13} In the case of Adkins v. Wilson, 110 Ohio St.3d 1454,2006-Ohio-4275, 852 N.E.2d 749, the court, as it had inHernandez, granted a writ of habeas corpus to an offender who had been incarcerated following the Parole Authority's imposition of a PRC sanction of prison when his sentencing entry had not imposed PRC. Habeas corpus, not resentencing, was deemed the appropriate remedy because, the court held, "the trial court lacked jurisdiction to issue a nunc pro tunc entry adding postrelease control to the sentence after Adkins's original sentence had expired." Watkins v. Collins, 111 Ohio St.3d 425,2006-Ohio-5082, 857 N.E.2d 78, ¶ 48 (discussing Adkins, for which the court had not issued a full opinion.)
 {¶ 14} In State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, an offender who was still serving his original sentence sought a writ of prohibition to vacate an entry resentencing him (at a hearing held pursuant to R.C. 2929.19) to include a statutorily mandated period of PRC that was not included within his original sentencing entry. The Supreme Court of Ohio denied the writ because the trial judge, it held, "did not patently and unambiguously lack jurisdiction to issue the new entry, because the defendant's original sentence had not expired[.]" Id. at ¶ 1.
 {¶ 15} The court explained that in Hernandez, "we did not permit the resentencing of Hernandez, because his only journalized sentence had expired. We reasoned that the trial court's noncompliance with the truth-in-sentencing provisions could not be cured by resentencingafter the journalized prison term had expired." Id. at ¶ 22-23. (Citation omitted.) (Emphasis sic.)
 {¶ 16} In drawing a distinction between Cruzado andHernandez, the court reiterated, "Cruzado's sentence had not yet expired when Judge Zaleski resentenced him. By contrast, in Hernandez, we emphasized that the defendant's journalized sentence had already expired, and thus, resentencing was no longer an option." Id. at ¶ 27. (Citation omitted.) The court went on to state, "[b]ecause Cruzado'ssentence had not yet been completed when he was resentenced, Judge Zaleski was authorized to correct the invalid sentence to include the appropriate, mandatory postrelease control term." Id. at ¶ 28. (Emphasis added.)
 {¶ 17} The court went on to note that when the General Assembly recently amended R.C. 2967.28 to allow for resentencing of offenders in order to impose erroneously omitted periods of mandatory PRC, it specified that any such resentencing would occur "before the offender is released from prison[.]" R.C. 2967.28(B). See Am. Sub. H.B. No. 137.
 {¶ 18} The language in these recent cases, along with that inHernandez, leads us to conclude that once an offender has been released after serving the prison term stated in the original sentencing entry, a trial court no longer possesses jurisdiction to resentence the offender in order to impose an erroneously omitted period of mandatory PRC. In the instant case, because appellant had been released from prison after serving his full prison term, the trial court lacked jurisdiction to journalize its "amended entry" imposing PRC. Accordingly, the judgment must be reversed. For these reasons, appellant's first assignment of error is sustained.
 {¶ 19} Our disposition of appellant's first assignment of error renders his second assignment of error moot. The first assignment of error having been sustained, the judgment of the Franklin County Court of Common Pleas is hereby vacated.
Judgment vacated.
BROWN and FRENCH, JJ., concur.
[1] The court erroneously told appellant that he faced a three-year period of PRC when, in actuality, his conviction carried a mandatory five-year period of PRC. However, appellant has not specifically raised this issue on appeal.
[2] In the alternative, the state argues that the omission of PRC in the original sentencing entry was a clerical mistake subject to correction "at any time" pursuant to Crim.R. 36. We note, however, that the Supreme Court of Ohio has held that a trial court's failure to include a mandatory period of PRC within a sentencing entry is not a clerical error. State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, ¶ 19-20.