OPINION
{¶ 1} Defendant-appellant, Eldon G. Draper, appeals from a judgment of the Franklin County Court of Common Pleas that amended his original sentencing entry to include a previously omitted five-year term of post-release control. For the following reasons, we affirm.
 {¶ 2} On December 1, 2000, a jury convicted Draper on two counts of aggravated arson — felonies of the first and second degree respectively — and one count of misdemeanor arson. After a sentencing hearing, the trial court issued a sentencing entry *Page 2 
ordering Draper to serve a total of six years in prison. Notably, the judgment entry did not include a five-year period of post-release control, a sanction required by R.C. 2967.28(B) (1 ) for defendants who are guilty of first degree felonies.
 {¶ 3} On March 6, 2006, the state filed a motion requesting that the trial court correct the judgment entry to include a term of post-release control and/or resentence Draper. In response to the state's motion, the trial court held a hearing in which it informed Draper that it was imposing upon him a five-year period of post-release control. Thereafter, on May 23, 2006, the trial court issued a judgment entitled "Addendum to Sentencing Entry," in which it added the five-year period of post-release control to Draper's sentence. Both the hearing and the issuance of the addendum occurred prior to Draper's release from imprisonment. Draper now appeals from the May 23, 2006 judgment.
 {¶ 4} Draper states, as his sole assignment of error, that:
 THE TRIAL COURT ERRED IN IMPOSING A TERM OF POST RELEASE CONTROL FIVE YEARS AFTER THE COURT HAD IMPOSED SENTENCE AND APELLANT WAS INCARCERATED ON THE CHARGES.
 {¶ 5} By this assignment of error, Draper contends that the trial court did not have the authority to impose a period of post-release control over five years after it originally sentenced him. Draper also argues that because the state did not raise the sentencing error on direct appeal, the doctrines of waiver and res judicata bar the state from raising the error now. We disagree.
 {¶ 6} Although trial courts generally lack the authority to reconsider valid final judgments in criminal cases, they can correct void sentences. State ex. rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, at ¶ 18-19. Thus, when a sentence is void *Page 3 
because it does not contain a statutorily-mandated term, the proper remedy is to resentence the defendant. Id. at ¶ 20, quoting State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 23. The state's failure to appeal a void sentence does not negate the trial court's duty to resentence the defendant. State v. Ramey, Franklin App. No. 06AP-245,2006-Ohio-6429, at ¶ 12. Likewise, the doctrine of res judicata does not bar the trial court from its duty either. Id.
 {¶ 7} Applying these principles, the Supreme Court of Ohio recently refused to issue a writ of prohibition to vacate a trial court's resentencing of a defendant to the statutorily-mandated period of post-release control that it had erroneously omitted from the original sentencing entry. Cruzado, at ¶ 32. After finding that the defendant's sentence was void, the court held that the trial court had the authority to correct the invalid sentence to include the appropriate post-release control term because the defendant had yet to complete his sentence. Id. at ¶ 20, 28.
 {¶ 8} Following Cruzado, the Fifth District Court of Appeals affirmed a trial court's resentencing of a defendant in circumstances almost identical to those of the case at bar. In State v. Broyles, Stark App. No. 2006CA00170, 2007-Ohio-487, the defendant's original sentencing entry did not make any reference to post-release control. Prior to the defendant's release from prison, the trial court conducted a resentencing hearing in which it informed the defendant of the mandatory five-year period of post-release control. The trial court then issued a judgment entry memorializing its imposition of post-release control upon the defendant. Affirming the trial court's judgment, the appellate court held that, "because appellant's sentence was void, the trial court was authorized to correct the sentence to include the appropriate, mandatory post-release control term." Id. at ¶ 13. *Page 4 
 {¶ 9} There are circumstances that prevent resentencing. If an offender's sentence has expired, a trial court does not have the jurisdiction to correct an erroneous sentence and impose the proper period of post-release control. State v. Grim, Franklin App. No. 06AP-318, 2007-Ohio-166, at ¶ 14-18 (discussing Cruzado, andHernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, at ¶ 28, 30, wherein the Supreme Court of Ohio held that resentencing to include a term of post-release control is no longer an option after a defendant's journalized sentence expires).
 {¶ 10} Here, Draper was convicted of a felony of the first degree. Therefore, R.C. 2967.28(B)(1) mandated that the trial court include as part of his sentence a term of five years of post-release control. As the original sentencing entry lacked any reference to post-release control, it was void and, thus, triggered the trial court's duty to resentence Draper. The trial court acted within its authority in resentencing Draper to the mandatory term of post-release control because his prison term had not yet expired at the time of resentencing.
 {¶ 11} For the foregoing reasons, we overrule Draper's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and PETREE, JJ., concur. *Page 1