OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio ("State"), appeals from the judgment of the Franklin County Court of Common Pleas denying its motion for corrected judgment entry and/or resentencing of defendant-appellee, Eric D. Turner ("Turner"). For the following reasons, we affirm. *Page 2 
 {¶ 2} On May 4, 2000, Turner was indicted on one count of aggravated murder with a firearm specification. In September 2000, Turner pled guilty to the stipulated lesser offense of attempted involuntary manslaughter, a second-degree felony, with a firearm specification. Turner and his counsel signed an entry of guilty plea form, dated September 7, 2000, in which Turner acknowledged that he was subject to a mandatory three-year term of post-release control ("PRC") and his understanding of the consequences of violating PRC. The trial court held a plea hearing, followed immediately by a sentencing hearing, on September 11, 2000. The trial court sentenced Turner to two years of imprisonment on his conviction for attempted involuntary manslaughter and three consecutive years of imprisonment on the firearm specification, for a total of five years. Turner assured the trial court that he understood its verbal explanation that he would be subject to PRC upon his release from prison and of the consequences of violating PRC. Despite its discussion of PRC on the record, the trial court's sentencing entry, filed September 12, 2000, contains no reference to PRC. Neither Turner nor the State appealed Turner's sentence.
 {¶ 3} On March 3, 2006, the State filed a motion for corrected judgment entry and/or resentencing, requesting the trial court to journalize Turner's mandatory three-year period of PRC. The State filed its motion in response to the Ohio Supreme Court's decision inHernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, in which the court held that the Ohio Adult Parole Authority ("OAPA") lacked authority to enforce PRC in the absence of a judgment entry imposing PRC. Turner filed a memorandum contra the State's motion on March 24, 2006, arguing that the trial court lacked jurisdiction to resentence him because he had completed his five-year prison sentence and that the *Page 3 
State waived any error regarding the omission of PRC from his sentence by not filing a timely appeal.
 {¶ 4} At a hearing on the State's motion, held April 20, 2006, Turner argued that, although he remained in prison on a consecutive one-year sentence arising out of a Fairfield County case, he completed the journalized sentence in this case by April 2005, 11 months before the State moved for resentencing. Consequently, he argued that the trial court lacked authority to impose PRC on his completed sentence. The State responded that, even though Turner had completed his five-year sentence, he had not been released from prison. Therefore, the State argued that the trial court retained authority to impose PRC. At the conclusion of the hearing, the trial court denied the State's motion. The court found that Turner had completed his five-year sentence from this case before beginning his one-year sentence from Fairfield County and that it could not now resentence Turner to include PRC in his completed sentence. On April 21, 2006, the trial court journalized its denial of the State's motion.
 {¶ 5} On appeal, the State advances the following assignment of error:
 THE TRIAL COURT ERRED IN REFUSING TO CORRECT [TURNER'S] ILLEGALLY LENIENT SENTENCE.
 {¶ 6} In support of its assignment of error, the State argues that Turner's journalized sentence was void and, therefore, subject to correction; that the omission of PRC was the result of a clerical error; that Hernandez provides no support for the trial court's denial of the State's motion; and that neither double jeopardy nor res judicata bars resentencing. *Page 4 
 {¶ 7} R.C. 2929.14(F) and 2967.28(B)(2) require a trial court to impose a mandatory three-year period of PRC when an offender is sentenced to a prison term for a second-degree felony other than a felony sex offense. Additionally, R.C. 2929.19(B)(3)(c) requires a trial court to notify the offender at the sentencing hearing that he or she will be subject to OAPA supervision after serving the imposed prison term. Accordingly, "[w]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence."State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus. Here, upon sentencing Turner to a prison term for a second-degree felony, the trial court was required to notify Turner that he was subject to mandatory PRC and to incorporate that notice into its judgment entry imposing sentence. The trial court undisputedly failed to incorporate the mandatory three-year term of PRC into its judgment entry.
 {¶ 8} A court's duty to notify offenders about PRC is the same as any other statutorily mandated term of a sentence. Id. at ¶ 26. Given the trial court's statutory duty to notify offenders of PRC, any sentence imposed without such notification is contrary to law and void, whether the trial court's failure to notify the offender of PRC occurs at the sentencing hearing, in the judgment entry of sentence or both. Id. at ¶ 23; State v. Jackson, Franklin App. No. 06AP-631, 2007-Ohio-1474, at ¶ 14. Thus, the trial court's judgment entry imposing sentence on Turner, without incorporating notice of *Page 5 
mandatory PRC, was contrary to law and void.[1] Where a sentence is contrary to law or *Page 6 
void because it lacks a statutory mandated term, the proper remedy is generally resentencing. Jordan at ¶ 23, citing State v. Beasley (1984),14 Ohio St.3d 74 (holding that correction of a void sentence does not constitute double jeopardy).
 {¶ 9} In Hernandez, the Ohio Supreme Court considered the ramifications of a trial court's failure to notify an offender of PRC and to incorporate such notice into its judgment entry. There, the Supreme Court granted a writ of habeas corpus and ordered the immediate release of an inmate who was incarcerated after the OAPA's imposition of a PRC sanction of imprisonment where the inmate's original sentencing entry did not impose a term of PRC. Although the Supreme Court noted that the trial court erred by failing to comply with its clear duty to advise Hernandez of statutorily mandated PRC, it held that, "`unless a trial court includes [PRC] in its sentence, the [OAPA] is without authority to impose it.'" Hernandez at ¶ 20, quoting Jordan at ¶ 19. The Supreme Court also rejected an argument that the appropriate remedy for the trial court's failure to notify Hernandez of PRC was resentencing:"Jordan notwithstanding, an after-the-fact notification of Hernandez, who has served his seven-year sentence, would circumvent the objective behind R.C. 2929.14(F) and 2967.28 to notify defendants of the imposition of [PRC] at the time of their sentencing." Id. at ¶ 28.
 {¶ 10} While Hernandez made clear that the OAPA may not impose and enforce PRC where the trial court failed to notify the offender of PRC at sentencing and/or in its judgment entry, Hernandez did not clearly answer whether, and under what circumstances, a trial court may correct its failure to notify an offender of PRC. In its post-Hernandez motions to correct sentence and/or to resentence, the State has argued *Page 7 
that sentences issued without statutorily mandated notice of PRC are void and subject to correction via resentencing.
 {¶ 11} In State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429, this court addressed the question of whether a trial court retained authority to modify a sentencing entry to impose an erroneously omitted mandatory term of PRC while the offender was serving his journalized prison sentence. In that case, the trial court resentenced the offender one day before the expiration of his prison sentence, imposing a mandatory three-year period of PRC, which was absent from the offender's original sentencing entry despite the trial court's oral notification that he would be subject to PRC. On appeal, we affirmed the resentencing and held that, "[b]ecause the trial court failed to impose post-release control in its sentencing entry, * * * the sentence was void and subject to correction via resentencing." Id. at ¶ 7, citing Jordan. We rejected the offender's argument that, because the state did not appeal the sentencing error, the error was waived or barred by res judicata. Relying on Beasley, we further rejected the offender's argument that resentencing subjected him to double jeopardy. Lastly, we rejected the offender's argument that resentencing him one day before the expiration of his prison term violated his substantive due process rights, stating:"Hernandez provides that a trial court retains authority to correct void sentencing orders as long as the defendant has not served out his sentence." Id. at ¶ 19, citing Hernandez at ¶ 28-29, and State v.Rutherford, Champaign App. No. 06CA13, 2006-Ohio-5132, at ¶ 11.
 {¶ 12} Although, under Ramey, a trial court has authority to resentence an offender to impose PRC while the offender is serving his journalized prison term, a trial court's authority to correct a void sentence by resentencing the offender is not unlimited, *Page 8 
and there are circumstances that prevent resentencing. See State v.Draper, Franklin App. No. 06AP-600, 2007-Ohio-1240, at ¶ 9. Of particular relevance to this case is a scenario in which an offender's journalized prison term expires before the trial court acts to impose erroneously omitted PRC.
 {¶ 13} In two recent cases, the Ohio Supreme Court has clarified the impact of Hernandez on situations where an offender's prison sentence expires without the trial court first resentencing the offender to impose PRC. First, in Adkins v. Wilson, 110 Ohio St.3d 1454,2006-Ohio-4275, the Supreme Court granted a writ of habeas corpus to an offender who was incarcerated after the OAPA imposed a PRC sanction despite the absence of PRC in the offender's sentencing entry. As established in Hernandez, the OAPA lacked authority to impose PRC and to sanction Adkins for violating PRC because the trial court's sentencing entry did not notify Adkins that he would be subject to PRC upon the expiration of his prison term. The Supreme Court subsequently explained that, in Adkins, "we, in effect, held that the trial court lacked jurisdiction to issue a nunc pro tunc entry adding [PRC] to the sentence after Adkins's original sentence had expired." Watkins v. Collins,111 Ohio St.3d 425, 2006-Ohio-5082, at ¶ 48 (discussing Adkins, in which the court did not issue a full opinion).
 {¶ 14} In Cruzado, an offender serving his journalized sentence sought a writ of prohibition vacating the trial court's entry resentencing him to a mandatory period of PRC. The Supreme Court denied the writ after concluding that the trial court did not lack jurisdiction to correct Cruzado's sentence. In so concluding, the Supreme Court distinguishedHernandez, explaining that, unlike Cruzado, Hernandez's journalized sentence had expired. The court stated that, in Hernandez, "[w]e reasoned that the trial *Page 9 
court's noncompliance with the truth-in-sentencing provisions could not be cured by resentencing after the journalized prison term had expired[.]" (Emphasis sic.) Id. at ¶ 23. In contrast, theCruzado trial court possessed authority to correct Cruzado's invalid sentence to include mandatory PRC "[b]ecause Cruzado's sentence had not yet been completed when he was resentenced[.]" Id. at ¶ 28.
 {¶ 15} This court has also had the opportunity to consider whether a trial court retains authority to resentence an offender to a mandatory period of PRC after the expiration of the offender's journalized prison sentence. In State v. Duchon (Sept. 28, 2006), Franklin App. No. 06AP-574 (Memorandum Decision), and State v. Johnson (Nov. 14, 2006), Franklin App. No. 06AP-588 (Memorandum Decision), we denied motions for leave to appeal the trial court's refusal to impose mandatory PRC terms after the offenders completed their journalized prison terms and were released. More recently, in Grim, we reversed a trial court's resentencing, concluding that the court lacked authority to impose erroneously omitted PRC after the appellant completed his journalized sentence and was released from prison. We stated: "The language in[Adkins, Watkins, and Cruzado], along with that in Hernandez, leads us to conclude that once an offender has been released after serving the prison term stated in the original sentencing entry, a trial court no longer possesses jurisdiction to resentence the offender in order to impose an erroneously omitted period of mandatory PRC." Id. at ¶ 18. Likewise, in Draper at ¶ 9, we considered expiration of the offender's prison term as determinative of the trial court's jurisdiction to resentence; "[i]f an offender's sentence has expired, a trial court does not have the jurisdiction to correct an erroneous sentence and impose the proper period of post-release control." In Draper, the trial court retained *Page 10 
jurisdiction "because [the offender's] prison term had not yet expired at the time of resentencing." Id. at ¶ 10.
 {¶ 16} The distinction we have recognized between a trial court's authority to resentence an offender prior to the expiration of the offender's journalized sentence and a trial court's lack of authority to do so after the expiration of the journalized sentence is in accord with the decisions of other Ohio appellate districts. See State v.Ayers, Erie App. No. E-05-079, 2006-Ohio-5108, at ¶ 19 (trial court retained authority to correct void sentence "provided that the defendant has not served out the term of his sentence"); Rutherford at ¶ 10 ("the offender cannot be resentenced if he has completed his prison term");State v. Phillips, Logan App. No. 8-06-14, 2007-Ohio-686, at ¶ 25 ("a trial court may only re-sentence an offender to give the required notice of [PRC] if the offender's sentence has not yet expired").
 {¶ 17} Here, pursuant to Cruzado, the trial court could have corrected its void sentence by resentencing Turner while Turner was serving his five-year prison term. However, the State did not move the trial court to resentence Turner until after the five-year sentence journalized in this case expired. Nevertheless, the State contends that the trial court's authority to resentence Turner did not lapse because Turner remained in prison after his five-year sentence expired.
 {¶ 18} Turner's journalized sentence from this case expired in April 2005, at which time he began serving his consecutive one-year sentence from Fairfield County. Turner was serving his Fairfield County sentence when the State moved the trial court for resentencing. We recognize that some cases addressing a trial court's authority to resentence an offender to impose an erroneously omitted PRC term speak in terms of *Page 11 
an offender's release from prison, while others speak in terms of the expiration of the offender's sentence. We also recognize that, in some cases including this one, expiration of a journalized sentence and release from prison do not coincide. However, review of the Ohio Supreme Court cases addressed above convinces us that the expiration of the offender's journalized prison sentence, rather than the offender's ultimate release from prison, is determinative of the trial court's authority to resentence. In Cruzado, the Supreme Court concluded that the trial court did not lack jurisdiction to correct its sentence "before [the] journalized sentence had expired." (Emphasis omitted.) Id. at ¶ 32. Also in Cruzado, the Supreme Court explained its reasoning inHernandez that the trial court could not cure its failure to include PRC in Hernandez's sentence "after the journalized prison term had expired[.]" (Emphasis sic.) Id. at ¶ 23. Additionally, inWatkins at ¶ 48, the Supreme Court explained its holding inAdkins that the trial court lacked jurisdiction to add PRC to a sentence "after [the] original sentence had expired." Given the Supreme Court's consistent reliance on the expiration of an offender's sentence, we conclude, as we succinctly stated in Draper at ¶ 9, that, "[i]f an offender's sentence has expired, a trial court does not have the jurisdiction to correct an erroneous sentence and impose the proper period of [PRC]."
 {¶ 19} Here, the trial court's authority to resentence Turner expired with the five-year prison term journalized by the trial court. Because Turner completed his journalized sentence from Franklin County before the State moved for resentencing, the trial court lacked jurisdiction to resentence Turner. Accordingly, the trial court did not err in denying the State's motion for corrected sentence and/or resentencing. *Page 12 
 {¶ 20} For the foregoing reasons, we overrule the State's assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas denying the State's motion for corrected sentence and/or resentencing.
Judgment affirmed.
BRYANT and McGRATH, JJ., concur.
[1] Although the State alternatively argues that omission of PRC in Turner's sentencing entry was a clerical mistake subject to correction at any time, pursuant to Crim. R. 36, we have previously rejected the argument that a trial court's failure to include a mandatory period of PRC in a sentencing entry is a clerical error. State v. Grim, Franklin App. No. 06AP-318, 2007-Ohio-166, at ¶ 10, fn. 2, citing State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶ 19-20. *Page 1