[Cite as *State v. Ables*, 2011-Ohio-5873.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 10-11-03

    v.

MATTHEW J. ABLES,                   O P I N I O N

    DEFENDANT-APPELLANT.


**Appeal from Mercer County Common Pleas Court**
**Trial Court No. 04-CRM-005**

**Judgment Reversed and Cause Remanded**

**Date of Decision: November 14, 2011**


APPEARANCES:

    *James A. Tesno* for Appellant

    *Matthew K. Fox* for Appellee

Case No. 10-11-03

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Matthew J. Abels ("Abels"), appeals the judgment of the Mercer County Court of Common Pleas, entering a nunc pro tunc judgment entry of sentencing to add a three-year period of post-release control to his original 2004 sentencing judgment entry. On appeal, Abels contends that the trial court did not have the authority to modify his sentence with the addition of a period of post-release control because he had already completed his sentence. For the reasons set forth below, the judgment is reversed.

{¶2} On April 1, 2004, pursuant to a plea agreement, Abels pled guilty to the illegal manufacture of drugs or cultivation of marijuana pursuant to R.C. 2925.04(A)(C)(2), a felony of the second degree. On April 29, 2004, the trial court sentenced Abels to six years in prison for this offense in Case #04-CRM-005. The sentencing entry specifically stated that this prison term was to be served first, and then the ten-month sentences in each of two other separate and unrelated cases, Case #03-CRM-087 (for non-support) and Case #03-CRM-117 (for possession of drugs) were "to follow consecutively." (Apr. 29, 2004 J.E.) The journal entry did not state that Abels was subject to post- release control.[1]

---

[1] The record did not contain a copy of the sentencing hearing transcript. However, the axiomatic rule is that a court speaks through its journal entries. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶13.

{¶3} More than six years later, on December 20, 2010, the trial court issued a "Nunc Pro Tunc on Judgment Entry Sentencing," adding language that Abels would be required to serve a period of three years of post-release control. There was no sentencing hearing; Abels was not returned to the court to address the trial court's imposition of the sentence; and, Abels stated that he did not receive notice of the new judgment entry. The judgment entry indicated that it was served on his court-appointed counsel from 2004.

{¶4} On February 7, 2011, Abels filed a motion for leave to file a delayed appeal pursuant to App.R. 5(A) because he had not received timely notice of the new judgment entry. This Court granted Abels' motion for a delayed appeal and appointed counsel. On May 12, 2011, Abels filed his appeal from the "nunc pro tunc judgment" entry, raising the following assignment of error for our review.

### Assignment of Error

**A trial court that failed to impose post release control on a Defendant in its original sentencing entry may not do so through a Nunc Pro Tunc Entry after the Defendant has completed serving his prison sentence in that case.**

{¶5} Abels asserts that when the trial court issued its "nunc pro tunc" entry on December 20, 2010, he had already completed serving his six-year sentence in this case. Abels maintains that the trial court did not have jurisdiction to modify his sentence and add a new penalty subjecting him to three years of post-release

control, almost eight months after he had completed his sentence. The State did not file an appellee's brief to contest this matter.

{¶6} A trial court must notify an offender of the length of the term of post-release control that applies to his conviction and then incorporate that notification into its sentencing entry. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶68. Sentencing entries that fail to include the required notifications are void because they are contrary to law. *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, paragraph one of the syllabus.

{¶7} R.C. 2929.191, effective July 11, 2006, established procedures to allow a trial court to correct judgments of conviction when the court originally failed to notify an offender of post-release supervision requirements or failed to include a statement to that effect in the judgment of conviction. *State v. Arnold*, 289 Ohio App.3d 238, 2009-Ohio-3636, 938 N.E.2d 45, ¶27. However, by the statute's own terms, the remedy must be made before an offender is released from imprisonment under the subject period of incarceration. R.C. 2929.191(A)(1) and (B)(1) ("at any time *before the offender is released from imprisonment under that term* and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction * * *." (Emphasis added.); *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006–Ohio–126, 844

N.E.2d 301 (holding that resentencing to impose post-release control is not an option once the defendant has completed his prison term).

**{¶8}** The Supreme Court of Ohio has repeatedly stated that "once an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control." *Bloomer* at ¶70, citing to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶18, and *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at the syllabus. "[I]n the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced." *Bloomer* at ¶71.

**{¶9}** Although Ables was still in prison at the time the trial court issued its nunc pro tunc judgment, he was incarcerated for the sentences for the other cases, which were felonies of the fifth degree. The trial court had specifically stated that Ables was to serve his six-year sentence for this case (Case #04-CRM-005) *first*, and that sentence for this case was completed earlier in the year. The facts in this case are distinguishable from other cases when a defendant is serving multiple sentences and the trial court does not specify any order in which the sentences are to be served. See, e.g., *State v. Arnold*, 189 Ohio App.3d 238, 2009-Ohio-3636, 938 N.E.2d 45, ¶¶51-53 (where sentencing termination entries failed to state which of defendant's consecutive sentences was to be served first, which could have

significance with respect to the postrelease control that had been imposed). It is the expiration of the prisoner's journalized sentence rather than the defendant's ultimate release from prison that determines a trial court's authority to resentence. See *Arnold* at ¶35; *State v. Turner*, 10th Dist. No. 06AP-491, 2007-Ohio-2187, ¶18.

{¶10} Because the trial court's December 20, 2010 judgment entry was entered after Ables' prison sentence for this case had concluded, it was wholly without effect. Ables' assignment of error is well-taken and it is affirmed.

{¶11} Having found error prejudicial to the Appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**