[Cite as *State v. Burns*, 2012-Ohio-1626.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA19 |
| | : | |
| vs. | : | **Released: March 30, 2012** |
| | : | |
| STEPHAN L. BURNS, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Conrad A. Curren, Greenfield, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} This is an appeal from a Highland County Court of Common Pleas decision and entry denying Appellant's motion to vacate the post sentence control portion of his sentence, which was imposed by the Highland County Court of Common Pleas as a result of a violation of post sentence control originally imposed in Brown County. On appeal, Appellant contends that 1) the trial court erred to his detriment when it found the nunc pro tunc issued by the Brown County court valid; and 2) the trial court erred

to his detriment by refusing to vacate the part of his sentence that is based on a void post release control sanction.

{¶2} In light of our conclusion that the Brown County Court failed to properly impose post release control when it originally sentenced Appellant in 2004, as well as our conclusion that the post release control portion of that sentence was void as a result, the Highland County court's denial of Appellant's motion to vacate is reversed, and that part of the judgment of the Highland County trial court imposing a 34 month sentence for the post release control violation is vacated. Thus, Appellant's first and second assignments of error are sustained. Accordingly, this cause is remanded to the trial court with instructions to notify the appropriate authorities of the modified sentence. Further, Appellant is ordered to be discharged immediately.

## FACTS

{¶3} On February 11, 2004, in Brown County Court of Common Pleas Case No. 2003-2167, Appellant pled guilty and was convicted of five counts of sexual battery, in violation of R.C. 2907.03(A)(9), all felonies of the third degree. On June 9, 2004, the Brown County court sentenced Appellant to stated prison terms of three years on each offense, to be served concurrently. During the sentencing hearing, the trial court notified

Appellant that he would be subject to a mandatory five year period of post release control; however, the sentencing entry stated that post release control would be "mandatory in this case *up to* five years[.]" (Emphasis added). There is no information in the record before us on appeal indicating that Appellant directly appealed from his convictions and sentences issued in the Brown County court in 2004. Further, the record indicates that Appellant was released from prison in 2007 and was placed on post release control.

{¶4} While serving the term of post release control imposed in connection with the Brown County conviction, on June 19, 2009, Appellant pled guilty to grand theft, a fourth degree felony, in the Highland County Court of Common Pleas. On August 5, 2009, the Highland County court sentenced Appellant to seventeen months on the grand theft conviction, as well the balance of the five years of post release control on the post release control violation, which was 1019 days, or approximately 34 months. There is no indication that Appellant directly appealed from these convictions or sentences.

{¶5} However, on August 30, 2010, Appellant filed a motion for resentencing and to vacate a void judgment of conviction in the Highland County Court of Common Pleas. In his motion, Appellant asserted that his 34 month sentence stemming from the post release control violation should

be vacated, arguing that the original imposition of post release control by the

Brown County court was void.  Specifically, Appellant argued that because

his sentencing entry stated that he would be subject to post release control

"up to" five years rather than a mandatory five year term, it was improperly

imposed and therefore void.  The State opposed the motion, contending it

was an improper collateral attack on the Brown County sentence, which the

Highland County court had no jurisdiction to address.  The trial court denied

Appellant's motion on October 13, 2010[1], agreeing with the State that the

only remedy for a void sentence in Brown County must lie in Brown

County.

{¶6} As such, Appellant subsequently filed, in the Brown County

Court of Common Pleas, a motion for determination that the 2004

sentencing entry was void.  In response, the Brown County court held a

hearing on January 5, 2011, nearly four years after Appellant had been

released from prison on the Brown County conviction, where it

acknowledged that the 2004 sentencing entry "did not properly state the

necessary language required by the statute for imposition of Post Release

Control."  The court went on to state, however, that "the proper action, as

---

[1] It appears this exact entry was filed a second time on November 16, 2010, due to an error in the clerk's office.

clarified by *State v. Fischer*,[2] is to correct only the post release portion of said entry nunc pro tunc." The court then went on to re-sentence Appellant to a mandatory five year term of post release control via a nunc pro tunc entry and remanded him for return to the Ohio Department of Corrections.

{¶7} On January 21, 2011, Appellant filed another motion in the Highland County court, entitled motion to vacate a void judgment. In the motion, Appellant explained that since the original denial of this motion by the Highland County Court, Appellant had sought redress in Brown County. In the motion, Appellant explained that the Brown County court vacated the original 2004 imposition of post release control and re-sentenced him, but that the re-sentencing was in error as his underlying prison term had already expired. The State opposed the motion. The Highland County court appointed counsel for Appellant and held two hearings on the motion. In its June 8, 2011, decision and entry denying Appellant's motion to vacate the post release control portion of the sentence, the trial court essentially determined that Appellant had waived the error related to the imposition of post release control by failing to file a direct appeal from the 2004 decision, and that because the 2004 sentencing entry mentioned post release control, Appellant was sufficiently put on notice and should have filed a direct

---

[2] *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332

appeal.  The trial court relied on *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas* (2010), 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, in reaching this decision.  It is from this decision and entry that Appellant now brings his timely appeal, setting forth two assignments of error for our review.

ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT WHEN IT FOUND THE NUNC PRO TUNC ISSUED BY THE BROWN COUNTY COURT VALID.

II.    THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT BY REFUSING TO VACATE THE PART OF THE APPELLANT'S SENTENCE THAT IS BASED ON A VOID POST-RELEASE CONTROL SENTENCE."

LEGAL ANALYSIS

{¶8} As Appellant's assignments of error are interrelated, we address them in conjunction with one another.  On appeal, Appellant contends that the Highland County Court of Common Pleas erred to his detriment by finding the nunc pro tunc entry issued by the Brown County Court of Common Pleas to be valid, and also by refusing to vacate the part of the Highland County sentence that is based upon a void post release control sentence.  Specifically, Appellant contends that the Brown County court did not properly sentence him on post release control, which resulted in that part of the sentence being void.  Appellant also contends that the sentencing error

in Brown county could not be corrected with a nunc pro tunc order because Appellant's underlying sentence had expired at the time of the attempted correction and as such, the Brown county court no longer had jurisdiction over him. Appellant further contends that the Highland County Court of Common Pleas' post release control sanction should be vacated because it was erroneously based upon a void sentence. Based upon the following, we agree with Appellant and therefore sustain his arguments raised on appeal.

{¶9} A situation very similar to the one sub judice was recently addressed by the Second District Court of Appeals in *State v. Portis*, Clark App. No. 2010-CA-95, 2011-Ohio-2429. Much like the facts herein, in *Portis*, the trial court failed to properly impose post release control in 2004, by stating in the sentencing entry that post release control was mandatory "up to a maximum of three years" rather than "three years." Id. at ¶ 5. After completing his two year sentence, Portis committed a new felony in 2007 and was sentenced on the new felony, as well on the post release control violation. Id. at ¶ 6. Portis filed a direct appeal from this conviction and sentence, but did not raise any issues regarding the original imposition of post release control. However, Portis later filed a motion to vacate the sentence based upon the post release control violation. Id. In support of his motion, Portis argued that because the trial court had not properly imposed

the post release control sanction in 2004, it was void. The trial court denied

Portis' motion. Id. at ¶ 7. On appeal, however, the trial court's decision was

reversed and the part of the sentence based upon the post release control

violation was vacated. Id. at ¶ 19.

{¶10} In reaching its decision, the *Portis* court reasoned as follows:

"Portis's argument is simple. He argues that the trial court, in the 2004 Robbery case, was required to impose post-release control for a period of three years, not 'up to' three years. He relies upon *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, for the proposition that an improperly imposed sentence of post-release control is not merely voidable, but void.

*State v. Bezak*, supra, was modified in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, but only to the extent that it is just the post-release-control part of the sentence - not the rest of the sentence, and not the underlying conviction - that is void because it is defective. In *State v. Fischer*, supra, the Supreme Court of Ohio stated its holding in its opening paragraph:

' * * * A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.' Id. at ¶ 1.

This holding is clear enough, and forces us to reject the State's argument that Portis is barred from challenging the propriety of the post-release control imposed in the 2004 case by virtue of res judicata, because he could have, but did not, raise that issue in his direct appeal from the sentence imposed in his 2007 case, which included a one-year sentence for the post-release control violation." Id. at ¶¶ 11-14.

{¶11} We are persuaded by the sound reasoning of the Second District Court of Appeals and conclude that the issue presented sub judice demands the same result. Having determined that Appellant's post release control sanction was void, he was not on post release control at the time of his felony offense in 2009 in Highland County.[3] Further, by the time the Brown County court attempted to re-sentence Appellant and issued its nunc pro tunc entry, Appellant's prison term had long since expired. As a result, the Brown County court no longer had jurisdiction over Appellant and could no longer correct the sentencing error that occurred in 2004. See *State v. Ables*, Mercer App. No. 10-11-03, 2011-Ohio-5873 at ¶ 8; citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70; *State v. Bezak*, supra, at ¶ 18; and *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at the syllabus.

{¶12} Further, although the State and the Highland County court were both concerned about the jurisdictional issues related to addressing the Brown County court's actions, we conclude *Fischer* provides us with

---

[3] In its June 8, 2011, decision and entry denying Appellant's motion to vacate, the Highland County Court of Common Pleas stated that despite the error in the original Brown County 2004 sentencing entry, it believed Appellant was properly sentenced to post release control, citing *State ex rel. Pruitt v. Cuyahoga County Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, in support. However, in *Pruitt*, the Court denied a complaint for a writ of mandamus seeking issuance of a revised sentencing entry, based upon the reasoning that the "sentencing entry sufficiently included language that postrelease control was part of [the Appellant's] sentence so as to afford him sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ." Id. at ¶ 4. As *Pruitt* dealt with a mandamus action, we do not find its reasoning applicable to the facts sub judice.

authority to cure the error in sentencing that occurred in Highland County in 2009.  Specifically, as set forth above, the Supreme Court, in *State v. Fischer*, stated that " * * * A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, *and may be reviewed at any time, on direct appeal or by collateral attack."*  Id. at ¶ 1 (Emphasis added).  Thus, we have the authority to recognize the Brown County court's sentencing entry to be void with respect to its attempted imposition of post release control, despite the fact that Appellant has attacked its validity collaterally through the Highland County Court of Common Pleas.  "It follows that any sentence imposed as a sanction for a violation of that post-release control is also void, and subject to vacation." *State v. Portis* at ¶ 19; citing *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192; relying on *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753.

{¶13} Accordingly, Appellant's arguments are sustained and the trial court's judgment denying Appellant's motion to vacate is reversed.  As such, that part of the Highland County judgment imposing sentence on the post release control violation is vacated and this cause is remanded to the trial court with instructions to notify the appropriate authorities of the modified

sentence.  *Portis* at ¶ 21.  Further, Appellant is ordered to be discharged immediately.

**JUDGMENT  VACATED  AND  CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE VACATED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**