[Cite as *State v. Douglas*, 2016-Ohio-7350.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SHELBY COUNTY**

**STATE OF OHIO,**

     **PLAINTIFF-APPELLEE,**                **CASE NO. 17-16-11**

     **v.**

**JIMMY DOUGLAS,**                     **O P I N I O N**

     **DEFENDANT-APPELLANT.**

**Appeal from Shelby County Common Pleas Court
Trial Court No. 09CR000047**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision: October 17, 2016**

**APPEARANCES:**

    *Jimmy Douglas,* **Appellant**

**ROGERS, J.**

{¶1} Defendant-Appellant, Jimmy Douglas, appeals the judgment of the Court of Common Pleas of Shelby County denying his motion to vacate and/or suspend court costs. For the reasons that follow, we affirm the judgment of the trial court. However, because Douglas was not properly notified of postrelease control, we vacate that portion of his sentence and remand for further proceedings.

{¶2} On March 5, 2009, the Shelby County Grand Jury returned an eight-count indictment against Douglas, charging him with six counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; and two counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree. At arraignment, Douglas remained silent, and, therefore, the trial court entered pleas of not guilty on his behalf.

{¶3} On April 30, 2009, Douglas filed a petition to enter a plea of guilty to one charge of rape in violation of R.C .2907.02(A)(1)(b), a felony of the first degree, on the condition that the State would dismiss the remaining charges.

{¶4} A hearing was held on the same day regarding Douglas's petition. After conducting the requisite colloquy with Douglas, the court accepted Douglas's change of plea and found him guilty. The remaining counts were dismissed.

{¶5} A sentencing hearing was held on June 16, 2009. The trial court imposed a nine-year prison sentence on the sole count of rape. Additionally,

Douglas was ordered to pay a fine of $500 and court costs. The court advised Douglas he would be "required to serve a period of post release control under the supervision of the parole board." June 16, 2009 Hrg., p. 12. The court memorialized its decision by a written entry filed on June 17, 2009. In its entry, the court imposed the same sentence, except it clarified Douglas's postrelease control. The court wrote, "Defendant [has been notified] that post release control is mandatory in this case up to a maximum of five (5) years * * *." (Docket No. 34, p. 2).

{¶6} On April 8, 2010, Douglas filed a motion to modify his sentence based on his argument that his sentence was not mandatory.

{¶7} On May 17, 2010, the court denied Douglas's motion.

{¶8} On November 30, 2015, Douglas filed a petition to modify his obligation to pay court costs. Specifically, he requested that he be allowed to pay $5 a month towards his court costs.

{¶9} On April 7, 2016, Douglas filed a motion to vacate and/or suspend court costs. Douglas argued that he should not have to pay his court costs because he was indigent.

{¶10} On April 11, 2016, the court denied Douglas's motion to vacate and/or suspend court costs.

{¶11} Douglas filed this timely appeal, presenting the following assignment of error for our review.

*Assignment of Error*

**THE COURT ABUSED ITS DISCRETION WHEN THE COURT DID NOT FOLLOW, [SIC] <u>R.C.2929.18(B)(1)</u> AND <u>R.C. 2929.19(B)(6)</u> WHEN THE COURT DID NOT CONSIDER THE PRESENT ABILITY TO PAY FINES, THIS VIOLATED EQUAL PROTECTION CLAUSE, (14TH AMEND.). (UNDERLINE SIC.)**

{¶12} In his sole assignment of error, Douglas argues that the trial court erred by denying his motion to suspend and/or vacate court costs. We disagree.

{¶13} Douglas's motion to vacate and/or suspend court costs is a post-trial motion that is not specifically provided under the law. *See State v. Call*, 3d Dist. Marion No. 9-04-29, 2004-Ohio-5645, ¶ 5. Accordingly, Douglas's motion is barred by res judicata because he could have raised the issue on direct appeal and failed to do so.

{¶14} The Supreme Court of Ohio has recently found that

We have held that R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 8. A trial court may waive the payment of costs imposed if the trial court finds that the defendant is indigent. *Id.* at ¶ 14. But '[a] motion by an indigent defendant for waiver of the payment of costs must be made at the time of sentencing.' *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph two of the syllabus. Otherwise, the issue is waived and costs are res judicata. *Id.* at ¶ 23.

*State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, ¶ 231.

{¶15} Under the doctrine of res judicata, a defendant cannot raise an issue in a motion for post-conviction relief if he or she could have raised, or did raise, the issue on direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997), citing *State v. Duling*, 21 Ohio St.2d 13 (1970). The doctrine of res judicata promotes the principle of finality of judgments by requiring the presentment of every possible ground for relief in the first action. *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, ¶ 5, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990). Since Douglas failed to raise the trial court's order for court costs in a direct appeal before this Court, he is barred by res judicata from raising the issue in a post-conviction motion.

{¶16} Accordingly, we overrule Douglas's sole assignment of error.

{¶17} Although we overrule Douglas's sole assignment of error, we find that the trial court failed to properly advise Douglas as to postrelease control.

{¶18} "A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law." *State v. Barrera,* 3d Dist. Putnam No. 12–12–01, 2012–Ohio–3196, ¶ 20.

{¶19} "A trial court must notify an offender of the length of the term of postrelease control that applies to his conviction and then incorporate that notification into its sentencing entry." *State v. Ables*, 3d Dist. Mercer No. 10-11-

03, 2011-Ohio-5873, ¶ 6, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 68. "Sentencing entries that fail to include the required notifications are void because they are contrary to law." *Id.*, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus.

**{¶20}** At Douglas's sentencing hearing, the court simply notified Douglas that he would be subjected to a period of postrelease control. The court failed to notify Douglas as to whether postrelease control was mandatory and how long postrelease control would last. Further, the sentencing entry, although it states that Douglas will be subject to a mandatory period of postrelease control, states that Douglas will be subject to a period of "up to" a maximum of five years.

**{¶21}** At the time of his conviction, all offenders convicted of a first degree felony or a felony sex offense were subjected to a mandatory period of five years of postrelease control. *See* former R.C. 2967.28(B)(1). Because Douglas was sentenced to a period "up to" five years, his sentence is clearly contrary to law and void. *See State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 8, 12.

**{¶22}** Therefore, we vacate this part of Douglas's sentence and remand for resentencing.

**{¶23}** Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court. However, because

we found error with the postrelease control portion of Douglas's sentence, we vacate

that portion, and remand for further proceedings consistent with this opinion.

***Judgment Affirmed in Part,***
***Reversed in Part and***
***Cause Remanded***

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**