[Cite as *State v. Singleton*, 2017-Ohio-7265.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27329 |
| | : | |
| v. | : | Trial Court Case No. 97-CR-1015/1 |
| | : | |
| BRYAN K. SINGLETON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of ___August___, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

BRYAN K. SINGLETON, #352-353, P.O. Box 69, London, Ohio 43140
    Pro Se

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Bryan K. Singleton appeals pro se from the trial court's denial of his August 2016 motion for resentencing.

{¶ 2} In his sole assignment of error, Singleton contends the trial court did not

properly impose post-release control in 1997 when it sentenced him to consecutive prison terms for aggravated murder, aggravated robbery, aggravated burglary, having a weapon while under disability, and a firearm specification.[1] Therefore, he argues that the post-release control portion of his sentence is void and that resentencing is required.

{¶ 3} The record reflects that Singleton previously filed a direct appeal, challenging only the denial of a suppression motion. This court overruled his assignment of error and affirmed his convictions. Thereafter, he unsuccessfully sought habeas relief and statutory post-conviction relief. He also twice unsuccessfully sought resentencing on the basis of an alleged allied-offense issue.

{¶ 4} In his most recent motion, Singleton raised a different issue. He argued below that his sentence is partially void because the trial court failed to impose a mandatory term of five years of post-release control. The trial court overruled Singleton's motion on the basis of res judicata, reasoning:

> * * * Pursuant to R.C. 2967.28, for every first, second or third degree felony that is an offense of violence, a sentence "shall include a requirement that the offense be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." R.C. 2967.28(B). For a first degree felony, that period is five years. R.C. 2967.29(B)(1). Singleton's sentence did include the statutorily mandated term of post-release control, as the Termination Entry reflects he was sentenced to a period of up to five years of post-release control under the

---

[1] We note that post-release control does not apply to unclassified felonies such as aggravated murder. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36. However, it does apply to Singleton's other offenses, which are classified felonies.

supervision of the Parole Board in the event he is released from prison, and he failed to raise any issue in his direct appeal. As such, the principles of *res judicata* apply.

(Doc. #4 at 3).

{¶ 5} On appeal, Singleton repeats his argument that the trial court erred in failing to impose a mandatory term of five years of post-release control. Therefore, he insists that the post-release control portion of his sentence is void and that resentencing for proper imposition of post-release control is required. In response, the State insists that the trial court was not required to use the word "mandatory" when imposing post-release control. The State then reasons:

In this case, Singleton was advised both during the sentencing hearing (Tr. 1681) and in the trial court's written sentencing entry (issued 12.12.97) that, if released, he would be required to serve up to five years of post-release control. Therefore, the trial court complied with R.C. 2929.19, and Singleton's sentence is not void. His first assignment of error being without merit, it should be overruled, and the trial court's October 13, 2016 Decision denying his motion for re-sentencing should be affirmed.

(Appellee's brief at 3).

{¶ 6} Upon review, we find Singleton's assignment of error to be persuasive. The problem is not that the trial court failed to recite the word "mandatory" when it advised Singleton about post-release control. The problem is that the trial court advised Singleton at his sentencing hearing and in its termination entry that he faced "up to five years" of post-release control. This court repeatedly has held that imposing post-release control for

"up to" a certain period of time, when post-release control is mandatory for that period of time, renders the post-release control portion of a defendant's sentence void, not merely voidable. *See, e.g.*, *State v. Tanksley*, 2d Dist. Clark No. 2015-CA-80, 2016-Ohio-2963, ¶ 24 ("In light of the foregoing, we conclude that the trial court's imposition of post-release control for Tanksley's aggravated robbery conviction is void as a result of the improper 'up to' language that is contained in the sentencing entry."); *State v. Jones*, 2d Dist. Montgomery No. 26228, 2015-Ohio-1749, ¶ 5 ("It has been repeatedly held that 'up to' language is insufficient when post-release control is mandatory and such error causes the post-release control portion of the sentence to be void."); *State v. Adkins*, 2d Dist. Greene No. 2010-CA-69, 2011-Ohio-2819, ¶ 6 ("In the present case, the trial court advised Adkins orally, and in its re-sentencing entry, that he was subject to mandatory post-release control for 'up to' five years. The parties agree that, in reality, Adkins was subject to mandatory post-release control for the entire five years. Logically, 'up to' five years also includes five years and could not conceivably prejudice the defendant. But, the case law is to the contrary. Therefore, the post-release control portion of Adkins's sentence is void.").

{¶ 7} In light of the foregoing authority, we hold that the portion of Singleton's sentence imposing post-release control for "up to five years" is void. That being so, res judicata did not preclude him from raising the issue. *State v. Smith*, 2d Dist. Montgomery No. 27272, 2017-Ohio-4327, ¶ 6 (recognizing that "a void sentence can be challenged at any time and is not subject to res judicata"). If the trial court properly had advised Singleton about post-release control at his sentencing hearing, it simply could issue a nunc pro tunc entry accurately reflecting his five-year post-release control obligation.

*State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 13-14. But the trial court erroneously used the "up to" language when advising Singleton about post-release control at his sentencing hearing too. (Tr. Vol. VIII at 1681). Thus, a new sentencing hearing limited to the proper imposition of post-release control is required. *Id.* at ¶ 23; *State v. Brown*, 2d Dist. Montgomery No. 25653, 2014-Ohio-2551, ¶ 20-21.

{¶ 8} For the foregoing reasons, we sustain Singleton's assignment of error. The trial court's judgment is reversed, and the cause is remanded for resentencing limited to the proper imposition of post-release control for all classified felonies on which Singleton has not completed his prison term.[2]

. . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Bryan K. Singleton

---

[2] As noted above, post-release control does not apply to Singleton's aggravated-murder conviction, which is an unclassified felony. In addition, we note that a trial court cannot impose post-release control when a defendant already has completed his sentence for a particular offense, regardless of whether he remains in prison for other offenses. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 19. Here, in addition to a prison term of life with parole eligibility after 30 years for aggravated murder and an accompanying three-year firearm specification, the trial court imposed consecutive prison terms of 10 years for aggravated robbery, 10 years for aggravated burglary, and one year for having a weapon under disability for each of the remaining classified offenses. If the trial court were to determine that the sentences are being served in the order in the indictment, or in the order of severity, then Singleton has yet to complete the 30 year minimum on the aggravated-murder and post release control may be imposed for each of the classified offenses.

Hon. Michael W. Krumholtz