[Cite as *State v. Conn*, 2020-Ohio-370.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,      :

     Plaintiff-Appellee,      :    Case No.    19CA1094

     vs.      :

JUSTIN CONN,      :    DECISION AND JUDGMENT ENTRY

     Defendant-Appellant.      :

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Jeremy Masters, Assistant State Public Defender, Columbus, Ohio, for appellant.[1]

C. David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 1-21-20
ABELE, J.

{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment that denied a motion to vacate a sentence imposed after a post-release control violation. Justin Conn, defendant below and appellant herein, assigns one error for review:

> ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED BY FAILING TO VACATE JUSTIN CONN'S VOID JUDICIAL SANCTION. APRIL 30, 2019 JUDGMENT ENTRY."

_____

[1] Different counsel represented appellant during the trial court proceedings.

{¶ 2} On July 24, 2002, in Case No. 20020030, the trial court sentenced appellant to serve twelve years in prison for felonious assault and escape. The sentencing entry contained the following post-release control language:

> The Court has further notified the defendant that post release control is MANDATORY in this case *up to a maximum of five (5) years*. If the defendant violates a Post Release Control Sanction or any condition imposed by the Parole Board under Revised Code Section 2967.28, the Parole Board may impose a more restrictive sanction, a prison term not to exceed nine (9) months or a maximum cumulative prison term for all violations not to exceed one-half of the stated prison term originally imposed. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.[2] (Emphasis added.)

{¶ 3} We find no information in the record to indicate that appellant directly appealed his 2002 convictions and sentences. The record does indicate that in 2013 appellant was released from prison and placed on post-release control.

{¶ 4} In September 2014, an Adams County Grand Jury returned an indictment in Case No. 20140187 that charged appellant with (1) one count of breaking and entering, (2) one count of vandalism, (3) one count of theft, and (4) one count of complicity. At the time of the indictment, appellant remained on post-release control from his convictions in Case No. 20020030.

{¶ 5} Pursuant to a plea agreement, on October 3, 2014 appellant pleaded guilty to breaking and entering in exchange for the dismissal of the remaining counts. The trial court sentenced appellant to serve 42 months in prison, in addition to a consecutive 1,487 day sentence for the post-release control violation. We find no indication that appellant directly appealed this conviction

---

[2] On December 29, 2004, the trial court issued a nunc pro tunc entry in Case No. 20020030 that contained identical language to the July 24, 2002 sentencing entry.

or sentence.

{¶ 6} On December 16, 2016, appellant filed a motion to vacate the judicial-sanction sentence. Appellant, citing *State v. Burns,* 4th Dist. Highland No. 11CA19, 2012-Ohio-1626, argued that because the trial court did not properly impose post-release control in Case No. 20020030, his post-release control sanction is void and he cannot be subject to a judicial sanction sentence. In particular, appellant argued that the trial court should have notified him of mandatory post-release control for five years, not for "up to" five years. On January 9, 2017, the trial court denied appellant's motion to vacate his sentence. The court then issued an entry on February 2, 2017 that granted appellant until February 17, 2017 to file a rebuttal to the state's response to the original motion to vacate and set a hearing for February 28, 2017 on the motion. The trial court held a hearing on February 28, 2017.

{¶ 7} On June 13, 2018, appellant filed a supplement to his prior motion "to vacate the void judicial sanction he is currently serving" and asked the court for a timely ruling. On April 22, 2019, the trial court denied the motion to vacate judicial sanction sentence and issued another entry that denied the motion to vacate in greater detail. Specifically, the court noted that the signed change of plea documentation in Case No. 20020030 provides under post-release control, "If I am sentenced to prison for a Felony I or Felony sex offense, after my prison release, *I will have 5 years of post release control under conditions determined by the Parole Board.* * * * If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the offense."

{¶ 8} In addition to the statement "I will have 5 years post-release control," the court noted that appellant was also mandatorily informed at the time of his release from prison that he was under

mandatory PRC supervision for a period of five years.   The trial court pointed to the dispute over the "up to" versus "a period of" language and indicated that it hoped that this court will "revisit" the analysis included in *State v. Burns,* 4th Dist. Highland No. 11CA19, 2012-Ohio-1626, *State v. Adkins,* 4th Dist. Lawrence No. 14CA29, 2015-Ohio-2830, (overruled by *State v. Mozingo,* 2016-Ohio-8292, 72 N.E.2d 661 (4th Dist.), *and State v. Mozingo, supra.*   The trial court then granted appellant's motion for an appeal bond.   This appeal followed.

{¶ 9} In his sole assignment of error, appellant asserts that the trial court erred by failing to vacate a void judicial sanction.   In particular, appellant maintains that his sentence is void because the 2002 sentencing entry (Case No. 20020030) did not properly impose post-release control because it used the language "post release control is MANDATORY in this case *up to* a maximum of five years." (Emphasis added.)

{¶ 10} After a long line of post-release control cases, in *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, the Supreme Court of Ohio stated:

> It is settled that 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' and that 'any sentence imposed without such notification is contrary to law.'   *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23.   Concomitantly, because a court is generally said to speak only through its journal, *id.* at ¶ 6, the trial court is 'required to incorporate that notice into its journal entry imposing sentence,' *id.* at ¶ 17.

*Grimes* at ¶ 8.

{¶ 11} Also, the sentencing entry must contain the following information:

> (1) whether the postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority * * * will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.   *Grimes* at ¶ 1.

{¶ 12} "When a court fails to properly impose post-release control for a particular offense, the offending portion of the sentence is void, must be set aside, and is subject to review and correction." *State v. Taylor,* 4th Dist. Lawrence No. 15CA12, 2016-Ohio-2781, ¶ 41, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27-29, *State v. Triplett,* 4th Dist. Lawrence No. 10CA35, 2011-Ohio-4628, ¶ 4.   In looking to our sister districts, we observe that the Second and Fifth have held that the use of the "up to" language in a sentencing entry does not properly impose a mandatory term of post-release control.   The Second District illustrated the significance of the post-release control sentencing entry language in *State v. Montgomery,* 2d Dist. Clark No. 2018-CA-40, 2018-Ohio-5278:

> The problem is not that the trial court failed to recite the word "mandatory" when it advised [the defendant] about post-release control.   The problem is that the trial court advised [the defendant] at his sentencing hearing and in its termination entry that he faced "up to five years" of post-release control.   This court repeatedly has held that imposing post-release control for "up to" a certain period of time, when post-release control is mandatory for that period of time, renders the post-release control portion of a defendant's sentence void, not merely voidable.

*Id.* at ¶ 13, quoting *State v. Singleton*, 2d Dist. Montgomery No. 27329, 2017-Ohio-7265, ¶ 6.   The Fifth District also held that a trial court's use of the "up to" language for five years of post-release control does not properly impose a mandatory term under R.C. 2967.28(B)(1).   *See McGuire,* 5th Dist. Fairfield No. 18 CA 10, 2018-Ohio-4676, ¶ 27, citing *State v. Bolden,* 5th Dist. Fairfield No. 17-CA-51, 2018-Ohio-2684, ¶ 10, citing *State v. Massey*, 5th Dist. Delaware No. 15 CA 05 0043, 2015-Ohio-5193, ¶ 17, *State v. Green*, 5th Dist. Stark No. 2010CA00198, 2011-Ohio-1636, and *State v. Patterson,* 5th Dist. Stark No. 2014CA00220, 2015-Ohio-4714, ¶ 16.

{¶ 13} In contrast, the Seventh and Tenth Districts have held that the use of the "up to" language does not render the post-release control provision of a sentence void.   The Tenth District

follows an approach that appears to be a "totality of the circumstances test," and concludes that a "trial court sufficiently fulfilled its statutory obligations when its oral and written notifications, taken as a whole, properly informed the defendant of post-release control."  *See State v. Boone*, 2012–Ohio–3653, 975 N.E.2d 546, ¶ 18 (10th Dist.), citing *State v. Mays*, 10th Dist. Franklin No. 10AP–113, 2010–Ohio–4609, appeal not allowed, 127 Ohio St.3d 1535, 2011–Ohio–376, 940 N.E.2d 987, and *State v. Townsend*, 10th Dist. Franklin No. 10AP–983, 2011–Ohio–5056.  The Tenth District thus considers a combination of: (1) judgment entries that alone may be insufficient to properly impose post-release control; (2) other documents, such as plea agreements; and (3) sentencing hearing transcripts.  *Boone* at ¶ 25.

{¶ 14} For example, in *State v. Maser*, 10th Dist. Franklin No. 15AP-129, 2016-Ohio-211, although at the sentencing hearing the trial court used the words "up to" to impose post-release control, the court concluded that the post-release control provision is not void.  *Id.* at ¶ 16.  The court noted that, during the sentencing hearing, the defendant signed a form that correctly informed him that he was subject to a mandatory five-year term of post-release control.  *Id.* at ¶ 15.  The court stated that, although the phrase "up to" may have discretionary connotations, the use of such "inartfully stated" language did not render the post-release control notification void, and any claims that relate to that language are nonjurisdictional in nature.  *Maser* at ¶ 11-12, citing *Surella v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 11AP-499, 2011-Ohio-6833 (finding that the existence of the words "up to" in the sentencing entry did not render the post-release control sentence void, but at most is a voidable error that should have been raised on direct appeal).  Therefore, under the totality of the circumstances, the trial court sufficiently notified the defendant of the post-release control terms.  *Id.* at ¶ 16.

{¶ 15} More recently, in *State v. Sullivan*, 10th Dist. Franklin No. 17AP-94, 2017-Ohio-2943, the defendant signed a written notice that stated "[a]fter you are released from prison you (will, ~~may~~) have a period of post-release control for 5 years following your release from prison." The court concluded that "R.C. 2929.19 requires that felony offenders be notified about the term of post-release control they will or may receive following imposition of a related prison sentence. It does not require that the notice be in any particular medium, but it should be reasonably calculated to actually notify the felony offender." *Sullivan* at ¶ 12. The Tenth District underscored "[a]ccording to the law of this district, a trial court's compliance with these statutes need not be mechanically perfect in order to avoid reversal." *Id.* at ¶ 9. Thus, the court concluded that a "technical deficiency in a sentencing entry imposing postrelease control does not render the entry void where the record as a whole reveals the trial court satisfied all of the statutorily mandated terms for imposing postrelease control." *State v. Williams,* 10th Dist. Franklin No. 10AP-1135, 2011-Ohio-6231, ¶ 21, citing *Strong v. Ohio State Adult Parole Auth.*, 10th Dist. Franklin No. 11AP-52, 2011-Ohio-5615, ¶ 21.

{¶ 16} In *State v. Zechar,* 7th Dist. Mahoning No. 17 MA 0111, 2018-Ohio-3731, the Seventh District recently considered a post-release control issue in which the court gave a correct oral advisement, but the sentencing entry included the "up to" language. The court held that, although the entry used the "up to" language, the defendant was nevertheless appropriately notified during the sentencing hearing of the length and mandatory nature of post-release control. *Zechar* at ¶ 19-20. Therefore, the court determined that the defendant was "informed that he would be subject to post-release control, the time period for post-release control, the mandatory nature of it, and the consequences for violating post-release control." *Id.* The Seventh District held that the "use of the

terms 'up to' in the sentencing entry, albeit unnecessary, should not rise to the level of creating a void sentencing entry with regard to post release control." *Id.* at ¶ 20.

{¶ 17} Similarly, in *State v. Smith*, 7th Dist. Mahoning No. 17MA0174, 2018-Ohio-4562, the Seventh District recently considered another case in which the trial court advised the defendant at the sentencing hearing that he was subject to: "[m]andatory five years post-release control," but the sentencing entry stated "[i]n addition, as part of this sentence, post release control must be imposed up to a maximum period of five (5) years." *Id.* at ¶ 8. The court, citing *Zechar*, held that all the information taken together provided sufficient notice that the appellant is subject to a mandatory five-year post-release control term. "Although the trial court used the superfluous language 'up to' in the sentencing entry, the court also stated that 'post release control *must be* imposed up to a maximum period of five years." *Smith* at ¶ 10.

{¶ 18} In a similar case, the Eighth District reviewed a case in which the entry used the phrase "if postrelease control is imposed." *State v. Bartee,* 8th Dist. Cuyahoga No. 97411, 2012-Ohio-3944, ¶ 17. The Eighth District considered the use of the word "if" to be a case of "form over substance" and not require a new sentencing hearing, when notification of post-release control was properly given at the sentencing hearing. *Id.* at ¶ 18.

{¶ 19} Appellant points to our previous decision in *State v. Burns,* 4th Dist. Highland No. 11CA19, 2012-Ohio-1626, as support for a bright-line construction. In *Burns,* the defendant filed a motion to vacate the post-sentence control portion of his sentence. In 2004, Burns pleaded guilty in Brown County to five counts of sexual battery. The trial court sentenced Burns to serve a prison term and, during the sentencing hearing, notified him that he would be subject to a mandatory five year period of post-release control. However, the sentencing entry stated that post-release control

would be "mandatory in this case *up to* five years[.]" (Emphasis added.) In 2007, Burns was released from prison and placed on post-release control. In 2009, Burns pled guilty to grand theft and sentenced to serve 35 months in prison on the post-release control violation. The trial court also denied Burns' motion for resentencing and his request to vacate his sentence. On appeal, this court held that the trial court failed to properly impose post-release control when its sentencing entry stated that post-release control was mandatory "up to a maximum of three years" rather than "three years." *Burns* at ¶ 9. At that point, having determined that the defendant's post-release control sanction was void, we concluded that Burns was not on post-release control at the time of his new Highland County felony offense. Further, we noted that by the time the Brown County court attempted to re-sentence appellant and issue a nunc pro tunc entry, appellant's prison term had long expired and Brown County no longer had jurisdiction and could not correct the 2004 sentencing error. *Burns* at ¶ 11, citing *State v. Ables,* 3d Dist. Mercer No. 10-11-03, 2011-Ohio-5873, ¶ 8, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶ 18; and *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus. *Burns* at ¶ 11.

{¶ 20} After our review of the many cases from our sister districts that have considered the content and sufficiency of the post-release control notice and have arrived at different conclusions, we now believe that the totality-of-the-circumstances approach is the better approach in these cases. Thus, we should depart from our previous ruling in *State v. Burns*, 4th Dist. Highland No. 11CA19, 2012-Ohio-1626, and, instead, hold that a mere technical deficiency in the sentencing entry, such as the inclusion of the "up to" language, does not automatically render the post-release control sanction void when the record, as a whole, reveals that the trial court sufficiently complied with the statutory

requirements to impose post-release control.

{¶ 21} In the case sub judice, our review reveals that the trial court's decision indicates that appellant signed a plea agreement in Case No. 20020030 that states: "If I am sentenced to prison for a Felony I or Felony sex offense, after my prison release, *I will have 5 years of post-release control under conditions determined by the Parole Board."* Although the judgment entry from Case No. 20020030 is part of the record before us, neither the sentencing transcript nor the change of plea documentation in Case No. 20020030 is a part of the record before us. However, without the transcript we presume that the trial court properly notified appellant of his post-release control obligations. *See State v. Grimes,* 2017-Ohio-2927 at ¶ 20, citing *Natl. City Bank v. Beyer*, 89 Ohio St.3d 152, 160, 729 N.E.2d 711 (2000); *State v. Gann,* 12th Dist. Butler No. CA2010-07-153, 2011-Ohio-895, ¶ 18, *State v. Hernandez*, 12th Dist. Warren No. CA2009-09-123, 2010-Ohio-2056, ¶ 12; *see also, State v. Brown*, 8th Dist. Cuyahoga No. 95086, 2011-Ohio-345, ¶ 9 (finding court must presume defendant properly notified of post-release control obligations when not provided with transcript of sentencing hearing), and *State v. Bunn*, 7th Dist. Mahoning No. 17MA0125, 2019-Ohio-2703, ¶ 19 ("The judgment entry from that case was properly made a part of the record before us. However, the sentencing transcript in that case is not a part of our record and there is no claim that the advisement at the sentencing hearing was inadequate").

{¶ 22} Thus, in light of our foregoing discussion, we conclude that in the case sub judice the trial court's sentencing entry's "up to" language does not require the conclusion that the trial court improperly imposed the post-release control sanction, *accord Williams, supra,* at ¶ 21, because we believe that the record, taken as a whole, reveals that the trial court sufficiently complied with all requirements and placed appellant on notice that he was subject to a mandatory five-year post-release

control term. *Smith*, *supra,* at ¶ 10. Therefore, because we believe that the trial court satisfied all of the statutorily mandated terms to impose post-release control, we must reject the appellant's argument. Additionally, we also share the same sentiment and agree with Justice DeWine's assessment of this area of the law as "an unnecessarily complicated area of criminal sentencing," in *State v. Murray,* 155 Ohio St.3d 446, 2018-Ohio-4938, ¶ 9, (DeWine, J., dissenting). Unfortunately, Ohio's complex and complicated felony sentencing scheme creates unnecessary confusion in an area of the law that should be straightforward and understandable.

{¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.