[Cite as *State v. Conn*, 2020-Ohio-2757.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 19CA1104 |
| | : | |
| vs. | : | |
| | : | DECISION AND |
| JUSTIN CONN, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Jeremy Masters, Assistant State Public Defender, Columbus, Ohio, for Appellant.

C. David Kelley, Adams County Prosecuting Attorney, and Kris. D. Blanton, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from an Adams County Common Pleas Court judgment that denied Appellant, Justin Conn's, motion to vacate a judicial-sanction sentence imposed after a post-release control violation. On appeal, Conn contends that the trial court erred by failing to vacate his void judicial sanction. Because we conclude the trial court satisfied all of the statutorily mandated terms to impose post-release control, we reject the arguments raised under Conn's sole assignment

of error.  Accordingly, the assignment of error is overruled and the judgment of the trial court is affirmed.

## FACTS

{¶2} A review of the record before us reveals that Conn was originally sentenced on July 24, 2002, to twelve years in prison for felonious assault and escape in Adams County Common Pleas Court Case No. 20020030.  That sentencing entry contained the following language regarding post-release control:

> The Court has further notified the defendant that post release control is MANDATORY in this case *up to a maximum of five (5) years*.  If the defendant violates a Post Release Control Sanction or any condition imposed by the Parole Board under Revised Code Section 2967.28, the Parole Board may impose a more restrictive sanction, a prison term not to exceed nine (9) months or a maximum cumulative prison term for all violations not to exceed one-half of the stated prison term originally imposed.  The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.[1]   (Emphasis added.)

---

[1] On December 29, 2004, the trial court issued a nunc pro tunc entry in Case No. 20020030 that contained identical language to the July 24, 2002 sentencing entry.

The record before us contains nothing to indicate Conn directly appealed his 2002 convictions and/or sentences, however, the record does indicate that Conn was released from prison and placed on post-release control in 2013.

{¶3} In September of 2014, Conn was indicted by the Adams County Grand Jury in Case No. 20140187 for one count of breaking and entering, one count of vandalism, one count of theft, and one count of complicity.[2]  Subsequently on October 2, 2014, a bill of information was filed in Case No. 20140190 charging Conn with five different counts of fifth-degree-felony breaking and entering, all of which involved separate victims.[3]  At the time these charges were filed in 2014, Conn remained on post-release control from his convictions in Case No. 20020030.

{¶4} Although these two cases were not formally consolidated at the trial court level, they were handled together.  Conn entered into a plea agreement with the State on October 3, 2014, whereby he pled guilty to the breaking and entering charge in Case No. 20140187 in exchange for the dismissal of the remaining counts in that indictment.  The agreement further provided that Conn would plead guilty to all five breaking and entering charges contained in Case No. 20140190 by way of a bill of information.  The agreement also contained a provision for a recommended aggregate prison term of forty-two months "PLUS any sentence for

---

[2]We take this information and additional information contained in the facts portion of this decision from our recent decision issued in connection with Conn's appeal from Case No. 20140187, identified as *State v. Conn*, 4th Dist. Adams No. 19CA1094, 2020-Ohio-370.

[3] Conn's present appeal is from the judicial-sanction sentence imposed in Case No. 20140190.

post release control violation (consecutive 1487 days)[.]" There is no indication from the record before us that Conn appealed these convictions or sentences.

{¶5} On December 16, 2016, Conn filed a motion to vacate the judicial-sanction sentence of 1,487 days that was imposed in Case No. 20140187. Subsequently, on June 10, 2019, Conn also filed a motion to vacate the judicial-sanction sentence of 1,487 days in Case No. 20140190, which was the same judicial-sanction sentence imposed in Case No. 20140187 as part of the plea agreement Conn entered into with the State. Citing *State v. Burns*, 4th Dist. Highland No. 11CA19, 2012-Ohio-1626 in support, Conn argued that because the trial court did not properly impose post-release control in Case No. 20020030, his post-release control sanction is void and he cannot be subject to a judicial-sanction sentence. In both of his motions to vacate, Conn argued that the trial court should have notified him of mandatory post-release control for five years, not for "up to" five years. The trial court denied the motion to vacate filed in Case No. 20140187 on April 22, 2019. Conn immediately appealed the trial court's denial of that motion to this Court. The trial court thereafter denied the motion to vacate filed in Case No. 20140190 on October 28, 2019.

{¶6} In its decision, the trial court specifically noted that the signed change of plea documentation in Case No. 20020030 provided, under the post-release control section, as follows:

"[i]f I am sentenced to prison for a Felony I or Felony sex offense, after my prison release, I will have 5 years of post release control under conditions determined by the Parole Board. * * * If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the offense."

The trial court further noted that Conn was also mandatorily informed at the time of his release from prison that he was under mandatory post-release control supervision for a period of five years. The trial court acknowledged the dispute over the "up to" versus "a period of" language and indicated that it hoped that this Court would "revisit" the analysis included in *State v. Burns*, *supra*, *State v. Adkins*, 4th Dist. Lawrence No. 14CA29, 2015-Ohio-2830, (overruled by *State v. Mozingo*, 2016-Ohio-8292, 72 N.E.2d 661 (4th Dist.), and *State v. Mozingo*, *supra*. The trial court granted Conn's appeal bond and the present appeal followed.

{¶7} The record indicates that although Conn filed a motion with this Court requesting that the two appeals be consolidated, the motion was denied because the appeal from Case No. 20140187 had already been submitted for a decision. In fact, as noted above, this Court already issued its decision on that matter in *State v. Conn, supra*. Thus, the present appeal proceeded through the appellate process separately and is now before us for decision. In his current appeal, Conn raises a

single assignment of error, and it is identical to the assignment of error raised in his

first appeal.

ASSIGNMENT OF ERROR

I.      "THE TRIAL COURT ERRED BY FAILING TO VACATE
JUSTIN CONN'S VOID JUDICIAL SANCTION."

LEGAL ANALYSIS

{¶8} In his sole assignment of error, Conn contends that the trial court erred

by failing to vacate the void judicial-sanction sentence imposed in underlying Case

No. 20140190.  More specifically, Conn argues that his sentence is void because

the 2002 sentencing entry (Case No. 20020030) did not properly impose post-

release control because it used the language "post release control is

MANDATORY in this case *up to* a maximum of five years."  (Emphasis added).

{¶9} In one of its more recent decisions in a long line of cases addressing

post-release control, the Supreme Court of Ohio stated in *State v. Grimes*, 151

Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, as follows:

> It is settled that 'a trial court has a statutory duty to provide notice of
>
> postrelease control at the sentencing hearing' and that 'any sentence
>
> imposed without such notification is contrary to law.' *State v. Jordan*,
>
> 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23.
>
> Concomitantly, because a court is generally said to speak only through

its journal, *id.* at ¶ 6, the trial court is 'required to incorporate that notice into its journal entry imposing sentence,' *id.* at ¶ 17.

*Grimes* at ¶ 8.

{¶10} The sentencing entry must also contain the following information: (1) whether the postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority * * * will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

Grimes at ¶ 1.

{¶11} "When a court fails to properly impose post-release control for a particular offense, the offending portion of the sentence is void, must be set aside, and is subject to review and correction." *State v. Taylor*, 4th Dist. Lawrence No. 15CA12, 2016-Ohio-2781, ¶ 41, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27-29; *State v. Triplett*, 4th Dist. Lawrence No. 10CA35, 2011-Ohio-4628, ¶ 4. This Court has previously held that the use of the phrase "up to" instead of "a period of" when imposing a mandatory term of post-release control results in a failure to properly impose post-release control that renders the imposition void. *State v. Burns*, *supra*, ¶ 9, 11. However, in the

decision issued by this Court from Conn's appeal from the 20140187 case, which is essentially factually identical to this case and raised this identical legal argument, we departed from our prior reasoning in *Burns* in favor of a "totality-of-the-circumstances approach." *Conn* at ¶ 20.

{¶12} In determining to depart from our prior precedent, we relied on cases from our sister districts, primarily the Seventh and Tenth Districts, which have held "that the use of the 'up to' language does not render the post-release control provision of the sentence void." *Conn* at ¶ 13.  In *Conn*, we noted that the Tenth District "follows an approach that appears to be a 'totality-of-the-circumstances-test[,]' " in that it "concludes that a 'trial court sufficiently fulfilled its statutory obligations when its oral and written notifications, taken as a whole, properly informed the defendant of post-release control.' " *Id.* at ¶ 13, quoting *State v. Boone*, 2012-Ohio-3653, 975 N.E.2d 546, ¶ 18 (10th Dist.); *State v. Mays*, 10th Dist. Franklin No. 10AP-113, 2010-Ohio-4609, appeal not allowed, 127 Ohio St.3d 1535, 2011-Ohio-376, 940 N.E.2d 987; *State v. Townsend*, 10th Dist. Franklin No. 10AP-983, 2011-Ohio-5056.  In *Conn*, we observed that the Tenth District considers all of the following when determining whether a defendant was properly informed of post-release control:  "(1) judgment entries that alone may be insufficient to properly impose post-release control; (2) other documents, such as plea agreements; and (3) sentencing hearing transcripts." *Conn* at ¶ 13, citing

*Boone* at ¶ 25. *See also State v. Maser*, 10th Dist. Franklin No. 15AP-129, 2016-Ohio-211, ¶ 16 (concluding that post-release control was properly imposed despite the use of the phrase "up to" where the defendant signed a form during the sentencing hearing informing him he was subject to a mandatory five-year term of post-release control).

{¶13} Ultimately, after our review of *Boone*, *Mays*, *Townsend*, *Maser*, and many more cases, we stated in *State v. Conn*, *supra*, that "we now believe that the totality-of-the-circumstances approach is the better approach in these cases" and thus we held that:

> we should depart from our previous ruling in *State v. Burns*, 4th Dist. Highland No. 11CA19, 2012-Ohio-1626, and, instead, hold that a mere technical deficiency in the sentencing entry, such as the inclusion of the "up to" language, does not automatically render the post-release control sanction void when the record, as a whole, reveals that the trial court sufficiently complied with the statutory requirements to impose post-release control.

*Conn* at ¶ 20, additionally relying on *State v. Sullivan*, 10th Dist. Franklin No. 17AP-94, 2017-Ohio-2943; *State v. Williams*, 10th Dist. Franklin No. 10AP-1135, 2011-Ohio-6231, ¶ 21; *Strong v. Ohio State Adult Parole Auth.*, 10th Dist. Franklin No. 11AP-52, 2011-Ohio-5615, ¶ 21; *State v. Zechar*, 7th Dist. Mahoning No. 17

MA 0111, 2018-Ohio-3731, ¶ 20; *State v. Smith*, 7th Dist. Mahoning No.

17MA0174, 2018-Ohio-4562, ¶ 10; *State v. Bartee*, 8th Dist. Cuyahoga No. 97411,

2012-Ohio-3944, ¶ 17.

{¶14} Just as in Conn's first appeal, the record currently before us reveals

that the trial court's decision states that Conn signed a plea agreement in Case No.

20020030 that stated: "[i]f I am sentenced to prison for a Felony I or Felony sex

offense, after my prison release, I will have 5 years of post-release control under

conditions determined by the Parole Board." Although the judgment entry from

Case No. 20020030 is part of the record before us, neither the sentencing transcript

nor the change of plea documentation in Case No. 20020030 is a part of the record

before us. Without the transcript we presume that the trial court properly notified

Conn of his post-release control obligations. *See State v. Grimes*, 2017-Ohio-2927,

¶ 20, citing *Natl. City Bank v. Beyer*, 89 Ohio St.3d 152, 160, 729 N.E.2d 711

(2000); *State v. Gann*, 12th Dist. Butler No. CA2010-07-153, 2011-Ohio-895,

¶ 18; *State v. Hernandez*, 12th Dist. Warren No. CA2009-09-123, 2010-Ohio-

2056, ¶ 12. *See also, State v. Brown*, 8th Dist. Cuyahoga No. 95086, 2011-Ohio-

345, ¶ 9 (finding the court must presume the defendant was properly notified of

post-release control obligations when not provided with the transcript of the

sentencing hearing) and *State v. Bunn*, 7th Dist. Mahoning No. 17MA0125, 2019-

Ohio-2703, ¶ 19 ("The judgment entry from that case was properly made a part of

the record before us.  However, the sentencing transcript in that case is not a part of our record and there is no claim that the advisement at the sentencing hearing was inadequate").

{¶15} In light of our foregoing discussion, and consistent with our prior holding in *State v. Conn, supra*, we conclude that the trial court's sentencing entry's "up to" language at issue in the present appeal does not require the conclusion that the trial court improperly imposed the post-release control sanction.  This is because we believe that the record, when taken as a whole, indicates that the trial court sufficiently complied with all requirements and placed Conn on notice that he was subject to a mandatory five-year post-release control term. *Conn, supra*, at ¶ 22.  Thus, because we believe that the trial court satisfied all of the statutorily mandated terms to impose post-release control, Conn's sole assignment of error is overruled.  Accordingly, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J. concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the Clerk.**