[Cite as *State v. Vest*, 2024-Ohio-62.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case Nos. 22CA32 & 22CA33 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| BRYAN C. VEST, | : | |
| | : | **RELEASED: 01/05/2024** |
| Defendant-Appellant. | : | |

APPEARANCES:

Christopher Bazeley, Cincinnati, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Assistant Ross County Prosecuting Attorney, Chillicothe, Ohio, for appellee.

Wilkin, J.

{¶1} This is a consolidated appeal from two Ross County Court of Common Pleas judgment entries in which the appellant, Bryan C. Vest, pleaded guilty to the single counts charged in each case.  In case number 21CR371, Vest pleaded guilty to theft, a fifth-degree felony, and in case number 22CR100, he pleaded guilty to possession of a fentanyl-related compound, a third-degree felony.  The trial court imposed the jointly recommended sentence of an aggregate prison term of 18 months, and for the theft charge, the trial court also ordered Vest to pay restitution of $1,059 payable to Lowe's.

{¶2} In his sole assignment of error, Vest is requesting we remand his case for re-sentencing because the trial court did not advise him of all of the consequences of violating postrelease control at the sentencing hearing.  The

state opposes any remand because under the totality-of-the-circumstances, the record is clear that Vest was notified of the duration of postrelease control and of the consequences of violating postrelease control.

{¶3} We overrule Vest's assignment of error.  At the combined change of plea and sentencing hearing, the trial court complied with the postrelease control notification mandates pursuant to R.C. 2929.19(B).  The trial court advised Vest of the discretionary two-year postrelease control and the consequences of violating postrelease control.  Moreover, the trial court incorporated the notifications in the judgment of conviction entries.  Accordingly, a remand for re-sentencing is not required.

FACTS AND PROCEDURAL BACKGROUND

{¶4} In August 2020, in case number 21CR371, Vest was indicted on one count of theft, as a fifth-degree felony, in violation of R.C. 2913.02.  And in May 2021, Vest was subsequently indicted on one count of possession of a fentanyl-related compound, a third-degree felony in case number 22CR100.[1]  The arraignment for both cases, however, did not occur until March 2022.  At the jointly-held arraignment hearing, Vest pleaded not guilty to each count in both criminal cases.  Several pre-trial hearings were simultaneously held for the cases, but the June 29, 2022 pre-trial hearing was continued and a warrant was issued because Vest failed to appear.  Vest was ultimately apprehended and in August 2022, a plea agreement was reached.

---

[1] The indictment was amended to reflect Vest's correct name, in which it incorrectly had his name as Christopher B. Vest.

{¶5} The guilty plea forms indicated that for 21CR371, Vest would plead guilty to theft as a fifth-degree felony and for 22CR100, Vest would plead guilty to possession of a fentanyl-related compound as a third-degree felony.  In exchange, there was a recommended sentence of an aggregate prison term of 18 months for both cases, and the state would not indict Vest for failing to appear at the June 29, 2022 pre-trial hearing.  Further, Vest agreed to pay restitution to Lowe's in the amount of $1,059 in 21CR371.

{¶6} A change of plea hearing was held the same day Vest signed the guilty plea forms.  At the plea hearing, the agreements were placed on the record, the trial court explained the maximum penalty Vest faced for each of his offenses, including the possible imposition of two years of postrelease control, and the financial sanctions.  The trial court also questioned Vest if he reviewed the guilty plea forms, understood them, and signed them.  Vest stated he did. Vest also indicated he understood the constitutional rights he waives by pleading guilty after the trial court explained each right to him.  Consequently, the trial court inquired if Vest wished to proceed with pleading guilty to theft and possession of a fentanyl-related compound, and he indicated he did.  After accepting Vest's guilty pleas, the trial court asked the state and Vest's counsel if there was any reason not to directly proceed to sentencing.  Both stated there was no reason.

{¶7} Vest's counsel informed the trial court that an affidavit was submitted requesting the waiver of the mandatory fines associated with the possession charge.  The state then notified the trial court of the jail-time credit that should be

granted to Vest, and that an order for restitution payable to Lowe's should be included as part of the sentence.  Vest's counsel re-iterated this was a negotiated plea with a jointly recommended aggregate prison sentence of 18 months.  The trial court honored the negotiated agreement and imposed the jointly recommended sentence.  In 21CR371, the trial court sentenced Vest to 12 months in prison, and in 22CR100, it imposed a prison term of 18 months.  The trial court ordered the sentences to be served concurrently and advised Vest of the discretionary postrelease control.  Additionally, the trial court ordered restitution payable to Lowe's for $1,059, which is the agreed amount, and the trial court did not order Vest to pay any fines.  Vest was granted jail-time credit of 121 days.

{¶8} It is from these two judgment entries that Vest now appeals.

ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO PROPERLY ADVISE VEST OF ALL THE POSSIBLE PENALTIES FOR A VIOLATION OF PRC.

{¶9} In his sole assignment of error, Vest argues the trial court failed to inform him of all the consequences he faces if he violates postrelease control. Vest maintains that the trial court failed to advise him that a violation of postrelease control could result in more restrictive sanctions, a longer period of supervision or that he could be sent back to prison even if he completed his 18-month prison term.  Based on this, Vest requests we remand the matter to the trial court for re-sentencing.

{¶10} The state asserts Vest was advised in the guilty plea forms, and at the plea and sentencing hearing, of the duration of postrelease control and the

consequences of violating postrelease control. Based on the totality-of-the-circumstances, Vest was well-informed of postrelease control and the consequences of violating it, thus, the state maintains that a re-sentencing hearing is not required.

Law and Analysis

**{¶11}** "Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23. "As a general rule, if an appellate court determines that a sentence is clearly and convincingly contrary to law, it may remand for resentencing." *Id.*

**{¶12}** R.C. 2929.19 is the statutory provision outlining a trial court's duty to inform a defendant at sentencing of specific notifications. This includes postrelease notifications. R.C. 2929.19(B)(2)(e) mandates that at the sentencing hearing, the trial court must inform a defendant who is sentenced to a prison term for a fifth or third-degree felony, as is the case here, that he could be subject to postrelease supervision after his release from prison. Pursuant to R.C. 2967.28(C), the duration of this discretionary postrelease control is two years. In addition, at the sentencing hearing, a defendant must be notified that if he violates a condition of postrelease control,

> the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term.

R.C. 2929.19(B)(2)(f).

**{¶13}** R.C. 2929.19 has no provision mandating a trial court to notify a defendant that a violation of postrelease control could result in more restrictive sanctions, a longer period of supervision or that he could be sent back to prison even if he completed his stated prison term.  Thus, contrary to Vest's assertion, pursuant to R.C. 2929.19(B), the trial court is not required to provide these three notifications at a sentencing hearing.  A similar argument was recently rejected by the Twelfth District Court of Appeals:

> the trial court was not required to orally advise him of the "possibility that a violation could result in other penalties including more restrictive sanctions, a longer period of supervision, or that he could be sent back to prison even if he completed all of his sentenced prison time as required by R.C. 2967.28(F)(3)" as such advisements are not required by the express language of R.C. 2929.19(B)(2). Had the legislature intended for defendants to be provided with additional notifications about postrelease control, it would have included those notifications and requirements in R.C. 2929.19(B)(2). It chose not to do so.

*State v. Demangone*, 12th Dist. Clermont No. CA2022-11-081, 2023-Ohio-2522, ¶ 25.

**{¶14}** The trial court is required to incorporate the postrelease notifications and the potential consequences for violating postrelease control into its journal entry imposing sentence.  *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 22, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

> [T]he sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1, *overruled on other grounds by Harper*.

**{¶15}** In the matter at bar, the trial court informed Vest of the postrelease control notifications pursuant to R.C. 2929.19(B)(2)(e) and (f) and incorporated the notifications in the judgment entries. We previously adopted the totality-of-the-circumstances approach, in which we review the record of the case as a whole, in determining whether a trial court sufficiently complied with the statutory postrelease control notifications. *State v. Conn*, 2020-Ohio-370, 151 N.E.3d 974, ¶ 20, 22 (4th Dist.).

**{¶16}** The guilty plea forms that were reviewed and signed by Vest included the following postrelease notifications:

> For all other felonies, it is discretionary Post Release Control for up to 2 years. If I violate conditions of supervisions while under post release control, the parole board could return me to prison for up to nine months for each violation, for a total of fifty percent (50%) of my originally stated term. If the violation is a new felony, I could receive the time remaining on post release control plus a prison term for the new crime.

**{¶17}** At the combined change of plea and sentencing hearing, the trial court addressed Vest and advised him as follows regarding postrelease control before accepting his guilty plea:

> The Court: Do you understand that you're going to have in each of these cases a discretionary, up to a two-year period of post-release control as part of your sentence?
> Mr. Vest: Yes, Your Honor.
> The Court: And do you understand that if the Adult Authority decided to place you on post-release control and you violate their term of supervision they can return you to prison for up to one-half of your stated prison sentence; and then if you were you convicted for a new felony, in addition to being punished for the underlying conduct, the sentencing judge in that case can give you an

additional, consecutive prison term for up to one year or whatever time remains on your post-release control term?
Mr. Vest: Yes, Your Honor.

**{¶18}** A few minutes later after imposing the 18-month aggregate prison term, the trial court re-iterated "Keep in mind that you're going to have that discretionary, up to two year period of post-release control under Ohio Revised Code Section twenty-nine sixty-seven point two eight that I just explained to you."

**{¶19}** We find persuasive the holding in other appellate district courts that

[w]hen the trial court provides proper post-release control notification before accepting the defendant's guilty plea and then proceeds immediately to sentencing, the plea hearing and the sentencing hearing cannot, for purposes of the post-release control statutes, reasonably be deemed to have been conducted separately. *State v. Dardinger*, 1st Dist. Hamilton No. C-160467, 2017-Ohio-1525, ¶ 13; *State v. Russell,* 10th Dist. Franklin No. 16AP-108, 2016-Ohio-3349, ¶ 9.

*State v. Renne*, 5th Dist. Fairfield No. 2020 CA 00036, 2021-Ohio-2648, ¶ 18.

**{¶20}** What is more, even though the trial court did not notify Vest at the sentencing hearing of the consequences of more restrictive sanctions, or longer period of supervision or that Vest could be sent back to prison even if he completed his stated prison term, these consequences were included in the judgment of conviction entries. The entry in each case had the duration of the discretionary postrelease control and an exhaustive list of the consequences for violating postrelease control:

It is the further order of the court that as part of his sentence in this matter, defendant is subject to a discretionary period of post-release control imposed by the parole board of two (2) years after defendant's release from imprisonment. If defendant were to violate any post release control rule or condition, he is subject to a more restrictive rule or condition, a longer duration under supervision, or could be sent back to prison, even though he had done all the time

to which he has been sentenced. The total for all rule violations cannot be any more than one-half of the sentence that he has been given, unless the rule violation is for committing a new felony, in which case he could receive a prison term of the greater of one year or the time remaining on post release control in addition to any time that he received for that new felony. This term must be served consecutively to any sentence on the new felony.

**{¶21}** As the record clearly demonstrates here, the trial court at sentencing complied with R.C. 2929.19(B)(2)(e) and (f)'s mandates when it notified Vest of the two-year discretionary postrelease control sanction and that if he violated postrelease control he could be returned to prison for half of his stated prison term.  Furthermore, the judgment of conviction entries included the postrelease notifications in accordance with the Supreme Court's mandate in *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700.

**{¶22}** We therefore overrule Vest's assignment of error and affirm his sentence.

CONCLUSION

**{¶23}** Having overruled Vest's assignment of error, we affirm the trial court's judgment entries.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**